IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 8, 2000

## STATE OF TENNESSEE v. BOBBY HALEY

**Appeal from the Circuit Court for Lauderdale County**
**No. 6819    Joseph H. Walker, Judge**

---

**No. W2000-00860-CCA-R3-CD - Filed December 27, 2000**

---

The defendant pled guilty to delivery of less than one-half gram of a Schedule II, controlled substance, and the trial court sentenced him as a Range III, persistent offender to twelve years in the Tennessee Department of Correction.  On appeal, the defendant contends that his sentence is excessive.  We affirm the sentence imposed by the trial court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

Gary F. Antrican, District Public Defender, and Julie K. Pillow, Assistant District Public Defender, for the appellant, Bobby Haley.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey Anne Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant pled guilty to delivery of less than one-half gram of a Schedule II controlled substance, a Class C felony, and the trial court sentenced him as a Range III, persistent offender to twelve years in the Tennessee Department of Correction.  The defendant argues that his sentence is excessive because the trial court misapplied one enhancement factor and because the remaining enhancement factor weighed against the mitigating factor would not justify an increased sentence of two years.

At the sentencing hearing, Darrell Smothers, who prepared the presentence report, testified that the defendant had been previously convicted of five felonies.  He said the defendant was revoked twice from parole and once from probation, although he did not believe that the defendant was on parole when he committed the present offense.

The defendant's mother and brother both testified that the defendant was not a drug dealer but just an addicted user. They stated that he needed help and that he sincerely wanted help in overcoming his problem. The defendant also testified and said that he only sold drugs to get drugs for himself. He stated that he wanted help and that he had been accepted into a drug treatment program at the Synergy Foundation.

When a defendant appeals the length, range, or manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the sentence is purely de novo. Ashby, 823 S.W.2d at 169.

The defendant was sentenced as a Range III, persistent offender, for which the applicable range for a Class C felony is ten to fifteen years. Tenn. Code Ann. § 40-35-112(c)(3). The presumptive sentence for a Class C felony is the minimum in the range when no enhancement or mitigating factors are present. Tenn. Code Ann. § 40-35-210(c). Procedurally, the trial court is to increase the sentence within the range based upon the existence of enhancement factors and then reduce the sentence as appropriate for any mitigating factors. Tenn. Code Ann. § 40-35-210(e). The weight to be afforded an existing factor is left to the trial court's discretion so long as it complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record. Tenn. Code Ann. § 40-35-210, Sentencing Commission Comments; Ashby, 823 S.W.2d at 169.

In the present case, the presumption of correctness applies because the record reveals that the trial court considered all the relevant facts and circumstances as well as sentencing principles and complied with the appropriate procedures. The trial court reviewed the presentence report and heard the witnesses' testimony at the sentencing hearing, including the defendant's testimony. After finding that enhancement factors (1) and (13) and mitigating factor (1) applied, the trial court increased the defendant's sentence to twelve years. See Tenn. Code Ann. §§ 40-35-113(1), -114(1), (13). The defendant argues that this sentence is excessive because the trial court should not have applied enhancement factor (13) and that weighing enhancement factor (1) and mitigating factor (1) does not justify an increase in the sentence of two years.

The state concedes, and the record reveals, that the trial court should not have applied enhancement factor (13). Mr. Smothers testified that he did not believe that the defendant was on parole at the time he committed the present offense. The presentence report does not provide information to the contrary. Therefore, the trial court erred in applying enhancement factor (13).

The trial court correctly applied enhancement factor (1). The presentence report reveals that the defendant had six misdemeanor convictions, including convictions for theft, shoplifting, and

passing worthless checks, in addition to the five felony convictions that made him a Range III, persistent offender.

The state argues that enhancement factor (8) – that the defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release into the community – is also applicable. This factor was included in its notice of enhancing factors and in the presentence report, but the trial court did not mention it when sentencing the defendant. However, the trial court did state that the defendant was not eligible for sentencing in the community under Tenn. Code Ann. § 40-36-106 because the defendant had previously been on other types of release into the community without success. Also, Mr. Smothers testified, and the presentence report reveals, that the defendant was revoked twice from parole and once from probation. Accordingly, the trial court should have applied enhancement factor (8).

Given the presence of two enhancement factors and only one mitigating factor, we believe that the defendant has not carried his burden in showing that his twelve-year sentence is improper. Based upon the foregoing and the record as a whole, we affirm the defendant's sentence.

_____
JOSEPH M. TIPTON, JUDGE